IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH L. HARRIS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:05-CV-0621-P |
| v. | § § | |
| SATURN OF LEWISVILLE, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendant Saturn of Lewisville's Motion to Dismiss, filed March 29, 2005.[1] After a thorough review of the parties' arguments, the pleadings, matters of public record,[2] and the applicable law, the Court GRANTS IN PART and DENIES IN PART Defendant Saturn of Lewisville's Motion to Dismiss.

**I.   Factual and Procedural Background**

Plaintiff Kenneth L. Harris, an African-American over the age of forty, initially applied for a sales position with Defendant Saturn of Lewisville ("Defendant" or "Saturn") on June 16, 2003. (First Am. Pet. at 2.) Subsequently, Plaintiff made inquiries with Saturn about the status of his application, but no one he spoke with had any knowledge of his application. *Id.* at 2-3.

After Plaintiff determined that Saturn would not hire him, he filed an Intake

---

[1] Plaintiff filed a Response on April 14, 2005, and Defendant filed a Reply on May 2, 2005.

[2] Although courts are generally confined to the pleadings in determining a motion to dismiss, a court may also consider documents in the public record. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). In particular, EEOC documents may be considered as matters of public record. *See Marks v. Prattco, Inc.*, 607 F.2d 1153, 1156 (5th Cir. 1979).

Questionnaire with the Texas Workforce Commission Civil Rights Division ("CRD"). (*See* First Am. Pet. at 3; Resp. Ex. C.) Plaintiff filled out the Intake Questionnaire on December 27, 2003, and the CRD received it on December 30, 2003. (Resp. at 3.) In the questionnaire, Plaintiff alleged that he was discriminated against on the basis of his age and race in June, July, and September of 2003 when Saturn failed to hire him. (Resp. Ex. C.) Plaintiff also filed a Charge of Discrimination ("Charge") with the CRD and the Equal Employment Opportunity Commission ("EEOC") on May 5, 2004.[3] (Mot. to Dismiss Ex. A.) Plaintiff's Charge only contains allegations of discrimination occurring in September 2003. *Id.*

Plaintiff commenced this lawsuit on November 15, 2004 by filing his Original Petition in the 116th Judicial District of Texas, Dallas County, Texas. On March 3, 2005, Plaintiff filed a First Amended Petition, alleging claims of age and race discrimination under the Texas Commission on Human Rights Act ("TCHRA"). On March 29, 2005, Defendant removed the case to this Court on the basis of diversity jurisdiction. Defendant now moves to dismiss.

## II.     Plaintiff's Claims

As a preliminary matter, the Court construes Plaintiff's complaint. Plaintiff's First Amended Petition explicitly refers to his initial application with the Defendant as occurring in June 2003. (First Am. Pet. at 2.) The petition also refers to subsequent contact Plaintiff had with the Defendant, but it is somewhat vague as to the nature and timing of that contact. (*See* First Am. Pet. at 2-3.) Defendant asserts that Plaintiff has made claims of discrimination occurring in June 2003 "the sole basis of this lawsuit." (Mot. to Dismiss at 3-4.) The Court disagrees.

---

[3] Although Plaintiff's Charge is dated May 5, 2005, it is clear that the Charge was dated in error because the Motion to which it is attached was filed on March 29, 2005, more than a month prior to May 5, 2005. Moreover, Defendants assert and Plaintiff does not dispute that the Charge was filed on May 5, 2004. (Mot. to Dismiss at 4.)

Plaintiff's Complaint must be evaluated in light of the fact that Plaintiff is a *pro se* litigant and therefore should not be held to the same standards of pleading as an attorney; Plaintiff's pleadings and briefs should be construed liberally. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that allegations in a *pro se* complaint are to be held to a less stringent standard); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing that courts "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). As such, the Court considers Plaintiff's Intake Questionnaire, his Charge of Discrimination, and his Response in connection with Plaintiff's First Amended Petition. Plaintiff's Intake Questionnaire and his Response each indicate that the subsequent contacts Plaintiff refers to in his First Amended Petition occurred in July and September 2003. (*See* Resp. at 2-3, Ex. C.) Therefore, the Court construes Plaintiff's First Amended Petition as alleging that Plaintiff experienced age and race discrimination in violation of the TCHRA[4] in June, July, and September of 2003.

### III.   Defendant's Arguments

#### A.   Failure to Include Claims in the Charge of Discrimination

Defendant first argues that Plaintiff's June 2003 claims should be dismissed because Plaintiff failed to include these claims in his Charge of Discrimination. (Mot. to Dismiss at 2-4.) Defendant asserts that by failing to include these claims in the Charge, Plaintiff failed to exhaust administrative remedies with respect to these claims. *Id.* It is well established that courts are without jurisdiction to consider claims brought under the TCHRA if a plaintiff has not first exhausted his administrative remedies by filing a complaint with the CRD or EEOC. *Schroeder*

---

[4] Plaintiff asserts in his Response that he "has alleged a federal claim." (Resp. at 2.) However, Plaintiff commenced this lawsuit in state court, and while his First Amended Petition cites the Texas Labor Code and the TCHRA (First Am. Pet. at 2-4), it omits any reference to a federal statute. Therefore, the Court does not construe Plaintiff's Complaint as having alleged a federal claim.

Page -3-

*v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485-86 (Tex. 1991). Thus, generally claims filed under the TCHRA must have been either (1) included in the plaintiff's administrative complaint or (2) "like or related to the [complaint's] allegations," such that they could have been reasonably discovered in an investigation of the claims in the complaint. *Elgaghil v. Tarrant County Junior Coll.*, 45 S.W.3d 133, 141 (Tex. App.–Fort Worth 2000, pet. denied) (citing *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)). "[T]his rule protects unlettered lay persons making complaints without legal training or assistance of counsel." *Fine*, 995 F.2d at 578.

Defendant correctly points out that Plaintiff's June 2003 claims were not included in the Charge of Discrimination filed with the CRD and the EEOC. (Mot. to Dismiss at 3, Ex. A.) However, even assuming without deciding that the Charge is the relevant complaint for purposes of determining whether Plaintiff failed to exhaust, the Court concludes that Plaintiff has not failed to exhaust on this basis. The alleged September 2003 discrimination, which Plaintiff did include in his Charge, appears to be "like or related to" his initial application for the sales position in June 2003, and as such, this Court determines that Plaintiff's allegations of discrimination in June 2003 could have been reasonably discovered in an investigation of Plaintiff's September 2003 claims. Accordingly, the Court does not dismiss Plaintiff's June 2003 claims based on Plaintiff's failure to include them in the Charge.

**B.    Failure to Timely File Charge of Discrimination**

Defendant also argues that Plaintiff's June 2003 claims should be dismissed because Plaintiff failed to timely file his Charge of Discrimination with respect to these claims. (Mot. to Dismiss at 4.) Under the TCHRA, a complaint of unlawful employment practices must be filed within 180 days after the alleged unlawful employment practices occurred. Tex. Lab. Code Ann.

§ 21.202 (Vernon 1998); *Specialty Retailers, Inc. v. De Moranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Schroeder*, 813 S.W.2d at 486. This time limit is mandatory and jurisdictional. *Specialty Retailers, Inc.*, 933 S.W.2d at 492; *Schroeder*, 813 S.W.2d at 486.

Defendants argue that Plaintiff's complaint was untimely filed with respect to the alleged June 2003 discrimination because Plaintiff's Charge is dated May 5, 2004, well over 180 days after June 2003. (Mot. to Dismiss at 4.) Plaintiff argues that he timely filed a complaint by sending his Intake Questionnaire to the CRD on December 27, 2003.[5] (Resp. at 3-4.) However, even assuming without deciding that Plaintiff's Intake Questionnaire is the operative complaint for determining timeliness and December 27, 2003 is its filing date, Plaintiff's complaint was untimely filed with respect to the alleged June 2003 discrimination. Liberally construed, Plaintiff's filings place the alleged June discrimination in the week of June 16, 2003 and the following week. (*See* First Am. Pet. at 2-3.) The week following the week of June 16, 2003 ended on Saturday, June 28, 2003, and a total of 181 days passed between June 28, 2003 and December 27, 2003. Plaintiff's filings do not present the Court with any basis for construing Plaintiff's First Amended Petition to allege discrimination occurred on either June 29, 2003 or June 30, 2003. As such, Plaintiff's June 2003 claims must be dismissed.

## IV.   Conclusion

For the reasons stated herein, the Court GRANTS IN PART and DENIES IN PART Defendant Saturn of Lewisville's Motion to Dismiss. Plaintiff's June 2003 discrimination claims are DISMISSED WITH PREJUDICE. Plaintiff may continue to pursue his discrimination claims based on his July and September 2003 contacts with Defendant. The following summary

---

[5] Again, the CRD did not receive Plaintiff's Intake Questionnaire until December 30, 2003.

judgment briefing schedule is hereby established:

1) Within ninety (90) days after entry of this Order, the parties shall file their Motions for Summary Judgment, Memorandum in Support thereof, and any other papers ancillary to such motions.

2) Within thirty (30) days after service of the Motion for Summary Judgment, the parties shall file their Response, and any other papers ancillary to such Response. The Response shall not exceed twenty-five (25) pages.

3) Within twenty (20) days after service of the Response, the parties shall file their Reply. The Response shall not exceed ten (10) pages.

**IT IS SO ORDERED.**

Signed this 18th day of May 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE