IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH L. HARRIS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:05-CV-0621-P |
| v. | § § | |
| SATURN OF LEWISVILLE, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant Saturn of Lewisville's Motion for Summary Judgment, filed August 16, 2005,[1] and Defendant's Motion for Leave to File Supplemental Affidavit in Support of Summary Judgment, filed September 26, 2005. After a thorough review of the parties' arguments, the pleadings, and the applicable law, the Court GRANTS Defendant Saturn of Lewisville's Motion for Summary Judgment and DENIES AS MOOT Defendant's Motion for Leave to File Supplemental Affidavit.

### I.     Factual and Procedural Background

Plaintiff Kenneth L. Harris ("Plaintiff" or "Harris"), an African-American over the age of forty, initially applied for a sales position with Defendant Saturn of Lewisville ("Defendant" or "Saturn") on or about June 17, 2003. (App. Pl.'s Resp. at 1.) The application was in response to an advertisement placed in the Dallas Morning News. (App. Def.'s Mot. Summ. J. at 2; *see* App. Pl.'s Resp. at 5.) According to Plaintiff and the affidavit of Curtis L. Murray, Jr., he filled out an

---

[1] Plaintiff filed a Response on September 6, 2005, and Defendant filed a Reply on September 26, 2005.

application at the Saturn dealership in Lewisville. Plaintiff made subsequent inquiries with Saturn about the status of his application in June and September of 2003. (App. Pl.'s Resp. at 2.)

After Plaintiff determined that Saturn would not hire him, he filed an Intake Questionnaire with the Texas Workforce Commission Civil Rights Division ("CRD"). (*See* First Am. Pet. at 3; Resp. Ex. C.) Plaintiff filled out the Intake Questionnaire on December 27, 2003, and the CRD received it on December 30, 2003. (Resp. at 3.) In the questionnaire, Plaintiff alleged that he was discriminated against on the basis of his age and race in June, July, and September of 2003 when Saturn failed to hire him. (Resp. Ex. C.) Plaintiff also filed a Charge of Discrimination ("Charge") with the CRD and the Equal Employment Opportunity Commission ("EEOC") on May 5, 2004. (Mot. to Dismiss Ex. A.) Plaintiff's Charge only contains allegations of discrimination occurring in September 2003. *Id.*

Plaintiff commenced this lawsuit on November 15, 2004 by filing his Original Petition in the 116th Judicial District of Texas, Dallas County, Texas. On March 3, 2005, Plaintiff filed a First Amended Petition, alleging claims of age and race discrimination under the Texas Commission on Human Rights Act ("TCHRA"). On March 29, 2005, Defendant removed the case to this Court on the basis of diversity jurisdiction. Defendant then moved to dismiss the complaint. On May 18, 2005, the Court granted Defendant's Motion to Dismiss in part, dismissing the June 2003 discrimination claims with prejudice as they were not timely filed. (*See* May 18, 2005 Memorandum Opinion and Order, Docket # 7.) However, Plaintiff was allowed to proceed on his discrimination claims based on his contact with Defendant in July and September of 2003. (*See id.*)

II.   **Summary Judgment Legal Standard**

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence. *Id.* However, all evidence and reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless he provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment. *Id.* at 248-50; *Abbot v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993). Finally, the Court has no duty to search the record for triable issues. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### III. Analysis

Plaintiff argues that he was not hired by Defendant because of his age and race. Having initially brought his complaint in state court, we have previously construed his claim to fall

under the TCHRA. (*See* May 18, 2005 Memorandum Opinion and Order, Docket # 7, at 3.) The pertinent section of the TCHRA provides that

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates against an individual in connection with compensation or the terms, conditions, or privileges of employment.

Tex. Lab. Code Ann. §21.051. The Texas legislature drafted the TCHRA to correlate state law with federal law in the area of employment discrimination. *See* Tex. Lab. Code. Ann. § 21.001 (Vernon 1996); *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991). Because of this expressed legislative intent, courts analyze claims brought under the TCHRA in accordance with federal statutes prohibiting employment discrimination. *Thompson v. City of Arlington, Tex.*, 838 F. Supp. 1137, 1153 (N.D. Tex. 1993); *Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 530 (S.D. Tex. 1999). Allegations of employment discrimination under the TCHRA are evaluated under the *McDonnell Douglas* framework used in federal discrimination claims brought under Title VII and the ADEA. *See Jinks v. Advanced Protection Sys.*, 162 F. Supp. 2d 542, 545-46 (N.D. Tex. 2001).

    a.    **The *McDonnell Douglas* Framework**

In employment discrimination cases that lack direct evidence of discriminatory intent, as is typically the case, circumstantial evidence is assembled using the framework laid out in the seminal case of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). The *McDonnell Douglas* analysis is equally applied to discrimination claims brought under Title VII and the ADEA. *Id.; see O'Conner v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311 (1996).

Under the *McDonnell Douglas* framework, Plaintiff must first establish, by a preponderance of the evidence, a *prima facie* case of discrimination in order to survive Defendant's Motion for Summary Judgment. The *prima facie* case, once established, raises a presumption of discrimination which the Defendant must rebut by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001). This burden on the employer is only one of production, not persuasion, involving no credibility assessments. *Russell*, 235 F.3d at 222.

If the employer carries its burden, the mandatory inference of discrimination created by the *prima facie* case disappears. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). In order to survive summary judgment, a plaintiff must then raise a genuine issue of material fact as to whether the employer's proffered reason was merely a pretext for discrimination. *See id.*; *Sandstad*, 309 F.3d at 897. Plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justifications are false, may show pretext and permit the trier of fact to find the employer unlawfully discriminated. *Id.* at 351; *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000).

**b.     Plaintiff's *prima facie* case**

To establish a *prima facie* case of discrimination, Plaintiff must show that (1) he was a member of a protected group; (2) he applied for a position; (3) he was qualified for the position when he applied; (4) he was not selected for the position; and (5) after employer failed to hire him, the position remained open or was filled by a person outside the protected class. *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir. 1994). Defendant alleges that Plaintiff has not met this initial burden, however, several courts have remarked that, in many cases, a "*prima*

*facie* case is fairly easily made out." *Florer v. Electronic Data Sys.*, 2004 WL 1898266 at *4 (N.D. Tex. 2004) (citing *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 812 (5th Cir. 1991)). Defendant disputes that Plaintiff applied for a position at Saturn, claiming that Automax, an independent third party, conducted a screening interview for a general sales position. (Def.'s Mot. Summ. J. at 7-8.) However, viewed in a light most favorable to Plaintiff, the Court finds that this second element of the *prima facie* case was met when Plaintiff filled out an application at Defendant's place of business. (*See* App. Def.'s Mot. Summ. J. at 2.) Secondly, Defendant claims that Plaintiff cannot show that the position remained open or was filled by a person outside the protected class. (Def.'s Mot. Summ. J. at 8.) However, Defendant admits in interrogatories that a "White American" was hired in July 2003 while no "African American sales people" were hired in either July or September of 2003. (*See* App. Pl.'s Resp. at 9-10.) Thus, Plaintiff can meet the fifth requirement of his *prima facie* case. The remaining elements are not disputed. (*See* Def.'s Mot. Summ. J. at 7.) Therefore, the burden shifts to Defendant to give a legitimate, non-discriminatory reason for refusing to hire Plaintiff.

    c.    **Defendant's legitimate, non-discriminatory reason**

Once the plaintiff establishes a *prima facie* case, the burden of production shifts to Defendant to establish a legitimate, non-discriminatory reason for the discharge. An employer can meet this burden by proffering admissible evidence that would be legally sufficient to justify their decision. The burden is one of production, not persuasion. *Reeves*, 530 U.S. at 142. Defendant claims that they did not hire Harris because they never received his application. Defendant asserts that Automax, an independent third party, placed the advertisement in the Dallas Morning News and conducted the initial interviews of all applicants who responded.

(Def.'s Mot. Summ. J. at 8.) According to Defendant, Automax would then market the applicants to various car dealerships in and around the metroplex. (*See id.*) Although the interviews were conducted at Defendant's place of business, they claim that Plaintiff's application was never actually forwarded to Defendant. (*See* App. Def.'s Mot. Summ. J. at 32-33.)[2] This explanation is supported by Plaintiff's own deposition, wherein he stated that his interviewer told him that his application would be forwarded to the Saturn in Irving, as it was closest to his residence. But regardless, the Fifth Circuit has stated that an employer's proffered reason does not have to be persuasive or even credible, only legitimate and non-discriminatory. *See Bodenheimer v. PPG Indus.*, 5 F.3d 955, 958 (5th Cir. 1993). Given this low threshold, the Court finds that Defendant has met its burden of production and has offered a legitimate, non-discriminatory reason for not hiring Plaintiff.

### d. Pretext

Once the parties have met their initial burdens, the onus is on Plaintiff to adduce sufficient evidence such that a reasonable trier of fact could conclude there was pretext or intentional discrimination. *See McDonnell Douglas*, 411 U.S. at 802-04; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425-26 (5th Cir. 2000). Plaintiff's evidence consists of little more than his own unsubstantiated testimony and an affidavit from Curtis L. Murray, Jr. The affidavit of Mr. Murray merely states that he witnessed Plaintiff filling out an application at the Defendant's place of business. (*See* App. Pl.'s Resp. at 6.) This bare testimony is not sufficient

---

[2] Plaintiff objects to the affidavit of Linda Asher because "she did not state under oath that the facts in the affidavit were true and correct." (Pl.'s Resp. at 4.) This exact phraseology is not required by the Federal Rules of Civil Procedure, nor does Plaintiff cite any case law mandating such language. Fed. R. Civ. P. 56(e) requires that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to the matters testified therein." The affidavit of Linda Asher meets these requirements, therefore, such affidavit may be considered by the Court.

to create a fact issue as to the falsity of Defendant's proffered reason for failing to hire Plaintiff. Defendant, in fact, does not even dispute the fact that Plaintiff filled out an application. Rather, they claim that they never received such application. Plaintiff himself admits that he can offer no evidence that Defendant received his application. (App. Def.'s Mot. Summ. J. at 4, lines 12-16.) Plaintiff has offered no evidence that suggests the employer's explanation for not hiring him was false; further, the only evidence offered to support his charge of discriminatory motive is his own allegation. But a person's own subjective belief of discrimination, however genuine, cannot be the basis of judicial relief. *Montgomery v. Trinity I.S.D.*, 809 F.2d 1058, 1062 (5th Cir. 1987). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)). Plaintiff's only evidence of discrimination is his own testimony. (*See* Def.'s Mot. Summ. J. at 10-11.) As a matter of law, no reasonable fact-finder could find pretext or discrimination based on this evidence alone.

### IV. Conclusion

For the reasons stated herein, the Court GRANTS Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Signed this 3rd day of November 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE